**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUKHVINDER SINGH,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, JR., Attorney General,<br><br>Respondent. | No. 07-73919<br><br>Agency No. A096-489-398<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 31, 2011
San Francisco, California

Before: FISHER and RAWLINSON, Circuit Judges, and WU, District Judge.[**]

Sukhvinder Singh petitions for review of a decision of the Board of

Immigration Appeals (BIA) affirming the immigration judge's (IJ) denial of

asylum, withholding of removal and relief under the Convention Against Torture.

We deny the petition.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The Honorable George H. Wu, United States District Judge for the Central District of California, sitting by designation.

1.     Asylum. Substantial evidence supports the BIA's conclusion that the acts of violence against Singh's parents were not sufficiently connected to Singh personally to constitute past persecution, or a well-founded fear of future persecution, on account of an imputed political opinion. *See Sharma v. Holder*, 633 F.3d 865, 870 (9th Cir. 2011); *Sangha v. INS*, 103 F.3d 1482, 1489-91 (9th Cir. 1997). Singh was present at the family house when his father was abducted for the third time and "made to disappear." Singh was also twice present when, after his mother attempted to investigate his father's disappearance, the police conducted raids on her residence. The police did not attempt to speak to, arrest or physically harm Singh. Although they threatened Singh, telling his mother that "in case somebody from her family came forward that person would be killed and her son [Singh] would be killed first," this threat was not on account of an imputed political opinion. Rather, it was meant only to silence the investigation into Singh's father's disappearance.

2.     Withholding of Removal. Because substantial evidence supports the BIA's determination that Singh failed to establish the lesser requirement for asylum, substantial evidence necessarily supports the BIA's conclusion that Singh failed to show that it was "more likely than not" that he that he would be subject to

2

persecution on one of the specified grounds. *See Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009).

2. <u>Convention Against Torture.</u> Substantial evidence also supports the BIA's determination that Singh failed to show that it is "more likely than not" that the government would torture Singh were he returned to India. *See id.* at 1067-68. As explained, Indian police have not imputed a political opinion to Singh. Furthermore, Singh's mother and sisters, who have remained in India, have not been bothered by the police. Given that the police have not targeted Singh's mother, who prompted the threat against Singh by investigating her husband's disappearance, it is highly unlikely that the police have any continued interest in Singh.

**PETITION DENIED.**

3

*S. Singh v. Holder*, No. 07-73919

RAYMOND C. FISHER, Circuit Judge, dissenting:

1.    <u>Asylum and Withholding of Removal.</u>  I disagree that Singh's

persecution was not based on an imputed political opinion.  The politically

motivated acts of violence against Singh's father, culminating in murder, and the

physical assault on his mother for questioning his father's disappearance, directly

involved and affected Singh as a percipient witness and family member.  Singh

was also present when police told his mother that he would be the first one killed if

the family continued its search for Singh's father.  This death threat, together with

the violent and politically motivated acts against Singh's parents, amounted to

persecution.  *See Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir. 1997) (holding that

threats specifically directed at the applicant, together with threats and physical

violence directed at his family members, can rise to the level of persecution); *see

also Hernandez-Ortiz v. Gonzales*, 496 F.3d 1042, 1046 (9th Cir. 2007) (holding

that, in evaluating past persecution, an IJ is required to consider physical violence

directed against family members that the applicant witnessed when he was a child).

Although Singh was not politically active himself, the political motivation

that drove the police attacks on his father likewise motivated the attacks against

Singh's mother and the death threat to Singh.  *See Silaya v. Mukasey*, 524 F.3d

1066, 1070-72 (9th Cir. 2008) (concluding that the applicant had suffered

persecution on account of a political opinion imputed to her based on her father's politics, where her persecutors indicated that they knew who she was, knew who her father was and chose her as a victim because of her father's politics). The BIA's conclusions to the contrary are thus not supported by substantial evidence. Accordingly, I respectfully dissent.

Given Singh's past persecution, the burden shifts to the government to demonstrate that there has been a fundamental change in circumstances such that Singh no longer has a well-founded fear of future persecution. *See Ahmed v. Keisler*, 504 F.3d 1183, 1197 (9th Cir. 2007). I would therefore remand this issue to the BIA.

2. Convention Against Torture. Because Singh suffered past persecution, and is therefore presumed to have a well-founded fear of future persecution, I would also remand Singh's CAT claim to the BIA to reconsider whether he has shown that it is more likely than not that he will be tortured if removed to India. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009)

2